IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT G. RAHSMAN,** | : | CIVIL NO. 1:05-CV-1931 |
| **Plaintiff** | : | (Judge Conner) |
| v. | : | |
| **DEWBERRY-GOODKIND, INC.,** | : | |
| **Defendant** | : | |

## ORDER

AND NOW, this 22nd day of January, 2007, upon consideration of the report of the magistrate judge (Doc. 34), recommending the granting of summary judgment in favor of defendant on plaintiff's Pennsylvania Human Relations Act, 43 PA. CONS. STAT. ANN. § 951, Age Discrimination in Employment Act, 29 U.S.C. §§ 621 - 634, and Americans with Disabilities Act ("ADA"), 29 U.S.C. §§ 12101 - 12213, claims, to which objections were filed,[1] and, following an independent review of the

---

[1] Plaintiff's counsel only filed objections regarding the ADA claim.  (See Doc. 36.)

record, the court finding that plaintiff did not establish a *prima facie* case of discrimination under the ADA,[2] it is hereby ORDERED that:

1. The report and recommendation of the magistrate judge (Doc. 34) is ADOPTED.

2. Defendants' motion for summary judgment (Doc. 19) is GRANTED. See FED. R. CIV. P. 56(c).

3. The Clerk of Court is directed to CLOSE this case.

          S/ Christopher C. Conner
          CHRISTOPHER C. CONNER
          United States District Judge

---

[2] In order to establish a prima facie case under the ADA, plaintiff must prove that he: 1) has a disability; 2) is a qualified individual; and 3) has suffered an adverse employment decision as a result of his disability. (Doc 34.) Plaintiff fails to establish that he has a disability, which is defined under the ADA as: 1) a physical or mental impairment that substantially limits one or more of his major life activities; 2) having a record of such an impairment; or 3) being regarded as having such an impairment. (Doc 34.) First, as a matter of law, relatively minor restrictions on the ability to walk do not constitute a substantial limit on a major life activity. Kelly v. Drexel Univ., 94 F.3d 102, 106 (3d Cir. 1996). Second, plaintiff introduced no evidence that he has a record of such an impairment. Third, plaintiff potentially could be regarded as having such impairment; however, plaintiff did not introduce any evidence to support his allegations, and mere allegations are not enough to bypass a motion for summary judgment. Pappas v. City of Lebanon, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004) (stating that the non-moving party must introduce "affirmative evidence, beyond the allegations of the pleadings," in support of his right to relief).